# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GLENDA SUE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-03278-CV-S-DGK-SSA |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Glenda Sue Smith petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including degenerative disc disease, fibromyalgia, bilateral thoracic outlet syndrome, epicondylitis right elbow, hammertoe, and peripheral venous insufficiency, but retained the residual functional capacity ("RFC") to perform work as an office coordinator, a telephone sales representative, and a customer service representative.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on January 20, 2016, alleging a disability onset date of December 15, 2015. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. On October 12, 2017 the ALJ held a hearing and on February 9, 2018, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 7, 2018, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] The five-step sequence considers whether: "(1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment; (4) he could perform past relevant work; and if not, (5)

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by finding Plaintiff could perform her past relevant work because the vocational expert testimony conflicted with Dictionary of Occupational Titles ("DOT") and the ALJ failed to reconcile the conflict. Specifically, she claims the RFC erroneously limited her to four hours of sitting and four hours of standing/walking. This argument is without merit.

The ALJ's finding of a residual functional capacity limiting claimant to four hours of sitting and four hours of standing/walking does not compel a finding of disability. At the hearing, the ALJ asked the vocational expert if a hypothetical person could perform the work of if they "needed to basically stand half the day and sit half the day." R. at 73. The record demonstrates, the ALJ and vocational expert discussed and resolved the conflict between the expert's testimony and the DOT. R. at 71-77. The ALJ asked the vocational expert whether someone could work as a telephone sales representative and as a customer service representative if they needed to stand half the day and sit half the day. R. at 73. The vocational expert responded that it would "not necessarily be an accommodation if they did not have to leave the workstation and the job could be performed." R. at 73. Based on the vocational expert's 20 years of experience, including observing jobs being performed, conferring with other vocational experts, and even noting to the ALJ that if someone needed to "leave the workstation [the worker] would not be able to maintain the employment," the ALJ ultimately concluded in the RFC determination that Plaintiff could perform certain work. R. at 75. "If an individual is

---

if he could perform any other kind of work." *Chaney*, 812 F.3d at 676 (citing 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g)). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded [not eliminated]. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work." SSR 96-9p.

The ALJ properly relied on the vocational expert's opinion because the DOT does not explain whether a job can be performed with a sit/stand option. A vocational expert is required to explain the basis for her testimony if it conflicts with the DOT, and that is what the expert explained to the ALJ. SSR00-4p. Because the expert explained the jobs allowed for a sit/stand option, the ALJ properly relied on her testimony in compliance with SSR 00-4p. The Eighth Circuit has recognized the DOT is to be used for generic job descriptions to offer the approximate maximum requirements for each position, rather than their range. *Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007). Since the DOT does not include information about if a job can be performed with a sit/stand option, the ALJ properly relied on the vocational expert's opinion, which constitutes substantial evidence. *Reynolds v. Barnhart*, 36 F. App's 575, 576 (8th Cir. 2002).

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 3, 2020  　　　　　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE  
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT